# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DAVID ANSON ALANDT                                        PETITIONER

V.                      NO. 4:17CV00633-BSM-JTR

RODNEY WRIGHT,
Saline County Sheriff                                      RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

On September 29, 2017, David Anson Alandt ("Alandt") filed a § 2241 Petition for a Writ of Habeas Corpus attacking his pretrial detention in the Saline

County Detention Center on unspecified criminal charges in Saline Co. Cir. Ct. No. 63CR-14-745.[1] *Doc. 2.*

In his habeas Petition, Alandt alleged that:

(1) He was being held in violation of the international extradition treaty between the United States-United Kingdom and the Kingdom of Swaziland, and "Section 10 of the Extradition Act, 1968";

(2) His right to a speedy trial had been violated;

(3) He was being denied due process because his public defender "continually [sought] to be relieved" and the trial judge "refuse[d] to grant relief";

(4) His attorney refused to subpoena witnesses on his behalf, in violation of the Compulsory Process Clause;

(5) The trial court committed "illegal extradition procedures";

(6) His attorney refused to follow his instructions or comply with Arkansas's rules of criminal procedure and evidentiary rules, and the trial judge refused to grant relief;

(7) His extradition proceedings were improper because he was denied access to certain evidence and was denied counsel; and

(8) State and federal officials made false statements to him prior to and during his extradition proceedings.

---

[1] The Saline County Circuit Court's public records in Alandt's criminal case are accessible at https://caseinfo.aoc.arkansas.gov. According to those records: (1) on December 10, 2014, Alandt was charged in a criminal information with felony possession of 540 pounds of marijuana with intent to deliver; (2) he failed to appear for his scheduled jury trial on September 24, 2015; (3) it was later discovered that he had fled the country; (4) he was extradited back to Arkansas on May 12, 2017; and (5) he pled guilty to the charge on October 3, 2017, receiving a 72-month suspended imposition of sentence. *See State v. David Alandt,* Saline Co. Cir. Ct. No. 63CR-14-745 docket sheet & 09/29/17 docket entry (State's Resp. to Motion to Dismiss for Lack of Speedy Trial).

*Doc. 2 at 6-11.*

For the reasons discussed below, the Court recommends that Alandt's § 2241 Petition be dismissed. *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts (a federal court should summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court"); § 2254 Rule 1(b) (§ 2254 Rules may be applied to other habeas corpus petitions).

## II. Discussion

### A.    Alandt's Challenges to His Extradition Procedures Are Moot

Alandt asserts that his extradition proceedings concluded on May 12, 2017. *Doc. 2 at 7.* Once a prisoner has been returned to the jurisdiction seeking extradition, a federal writ of habeas corpus is no longer available to challenge the validity of the extradition or the legality of his detention in the jurisdiction from which he was extradited. *Beachem v. Attorney General of Missouri,* 808 F.2d 1303, 1304 (8th Cir. 1987); *Brown v. Nutsch,* 619 F.2d 758, 763 (8th Cir.1980); *see also Jackson v. Clements,* 796 F.3d 841, 843 (7th Cir. 2015) (once a defendant has been convicted of the crime that prompted extradition, any § 2241 claims concerning his pretrial confinement become moot); *Weilburg v. Shapiro,* 488 F.3d 1202, 1206 (9th Cir.

3

2007) (invalid extradition is not a sufficient ground for habeas relief "once the fugitive is present in the jurisdiction from which he fled").

Furthermore, alleged improprieties in Alandt's extradition proceedings could have no effect on the validity of any subsequent conviction. In *Frisbie v. Collins*, 342 U.S. 519, 522 (1952), the Court held that "the power of a court to try a person for crime is not impaired by the fact that he has been brought within the court's jurisdiction by reason of a 'forcible abduction.' … There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.'" The same reasoning applies to alleged violations of extradition procedures. *See Harden v. Pataki,* 320 F.3d 1289, 1296-98 (11th Cir. 2003) (violations of extradition procedures "in no way relate to Harden's guilt or innocence and therefore do not impugn his conviction or sentence"); *Mosby v. Mabry,* 625 F.2d 809, 810 (8th Cir. 1980) (rejecting habeas petitioner's claim that unlawful extradition voided his subsequent conviction, citing *Frisbie*).

Because Alandt's claims challenging his extradition proceedings clearly do not entitle him to federal habeas relief, they should be dismissed with prejudice.

### B. Alandt's Remaining Claims are Unexhausted

Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaust[t] the remedies available in the courts of the State." 28 U.S.C. §

2254(b)(1)(A), thereby affording those courts "the first opportunity to review [a federal constitutional] claim and provide any necessary relief" for alleged violations of a prisoner's federal constitutional rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845.

The exhaustion requirement applies not only to habeas petitions challenging state-court *convictions* following a trial or guilty plea, but also to § 2241 habeas petitions challenging a *pending or future* state criminal conviction. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981); *Davis v. Muellar,* 643 F.2d 521, 525 (8th Cir. 1981). In addition, "[a]bsent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco,* 649 F.2d at 636 (quoting *Wingo v. Ciccone,* 507 F.2d 34, 357 (8th Cir. 1974)).

In his § 2241 habeas Petition, Alandt stated that, on September 15, 2017, he filed a motion to dismiss the charges pending against him in Saline County due to a speedy trial violation, but his attorney refused to "appeal decisions" or otherwise exhaust state remedies. *Doc 2 ¶¶ 7-8, 12.* He admitted that he had not filed anything

5

else in state court. *Id.* ¶¶ 8-9, 12. In Alandt's § 2241 habeas Petition, which he filed on September 29, 2017, he explicitly alleged that his state court trial was scheduled for October 4, 2017. *Id.* at 7. Thus, when he initiated this action, Alandt's state criminal proceedings in Saline County were still ongoing and he had *not* exhausted his state court remedies. Finally, Alandt has made no showing that the existing state criminal procedures were ineffective to protect his constitutional rights or that extraordinary circumstances warranted federal intervention with the state's pending judicial proceedings.

According to the Saline County Circuit Court's public case records, on October 3, 2017, Alandt appeared in the trial court and entered a guilty plea to the pending charge in No. 63CR-14-745 (felony possession of marijuana with intent to deliver). The same day, an Order was entered suspending imposition of sentence for 72 months. The court records show that, since entry of his guilty plea on October 3, 2017, Alandt has not appealed or filed any post-trial or post-conviction motions in the trial court.[2] Because it is clear that Alandt has not exhausted available state court

---

[2]*See* Ark. Code Ann. § 5-4-305 (providing that "the fact that a judgment of conviction is not entered does not preclude … an appeal [from a suspended imposition of sentence] on the basis of any error in the adjudication of guilt or any error in the entry of the order of the suspension"; notice of appeal must be filed within 30 days after the docket entry of the suspension); Ark. R. App. P.-Crim 1(a) (a criminal defendant has no right to an appeal from an unconditional guilty plea); *Burns v. State*, 2017 Ark. 280, at 2-3 (noting that appeals are allowed from unconditional guilty pleas *only if* the defendant challenges the legality of his sentence or the admission of evidence during sentencing); *see also* Ark. R. Crim. P. 37.2(c)(i) (where conviction was obtained on a plea of guilty, post-conviction petition must be filed within 90 days of entry of judgment); *Graham v. State*, 358 Ark. 296, 298, 188 S.W.3d 893, 895 (Ark. 2004) (challenges to effectiveness

remedies regarding his recently imposed conviction and sentence, the Court declines to construe this as a § 2254 Petition challenging that conviction. Alandt is free to file a § 2254 Petition for Writ of Habeas Corpus, *in a new action*, after he fully exhausts his remedies at every level of the state court system.

Accordingly, Alandt's remaining claims should be dismissed without prejudice for failure to exhaust.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus (*Doc. 2*) be DENIED, and that the case be DISMISSED in its entirety. Alandt's claims challenging his extradition should be dismissed with prejudice, and his remaining claims should be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 13th day of November, 2017.

                                                                      _____
                                                                      UNITED STATES MAGISTRATE JUDGE

---

of counsel in connection with entry of a guilty plea "could, and should" be raised in a Rule 37 petition). The Court is unable to ascertain from the limited record whether Alandt would have any basis for pursuing any of these state court remedies.